**Dilson Carvalho VELOSO, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–75355.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007 \*\*.

Filed Dec. 11, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., Barry J. Pettinato, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM ***

Veloso petitions for review of the Board of Immigration Appeals' ("BIA") decision to deny his application for asylum, withholding of removal, and the Convention Against Torture ("CAT"). Veloso alleges that in 1999, he witnessed a murder committed by a police officer in Goiana, Brazil, and was subsequently intimidated and harassed on multiple occasions by the police officer and his confederates. He entered

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the United States on a tourist visa on May 30, 1999, and filed for asylum and other relief on September 10, 2001.

We must first decide whether 8 U.S.C. § 1158(a)(3) bars us from reviewing the BIA's "extraordinary circumstances" determination. We have jurisdiction to determine whether jurisdiction exists. *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000). In addition, notwithstanding the jurisdictional bar posed by 8 U.S.C. § 1158(a)(3), we have jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). In *Ramadan v. Gonzales*, 479 F.3d 646 (9th Cir.) (per curiam), *reh'g en banc denied*, 504 F.3d 973 (9th Cir.2007), we held that we could review mixed questions of law and fact in which " 'the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard.' " *Id.* at 657 (quoting *Pullman–Standard v. Swint*, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982)).

■ We lack jurisdiction to review the BIA's "extraordinary circumstances" determination because the facts of Veloso's medical condition are disputed. In particular, the parties dispute whether, and to what extent, Veloso suffered serious "illness or mental or physical disability" so as to demonstrate extraordinary circumstances. *See* 8 C.F.R. § 1208.4(a)(5)(i). Veloso testified that after his surgery in December 2000, he experienced severe pain and trauma for months, but the government points to evidence that Veloso had received a clean bill of health and conducted construction work with his brother in the months preceding the filing of his asylum application. Unlike *Ramadan*, this is not a situation involving a reviewable mixed question of law and fact.

■ We do, however, have jurisdiction to review whether the BIA committed legal error by stating that Veloso failed to produce corroborating evidence of his medical condition in order to support his assertion of "extraordinary circumstances." That issue is a "question of law" that we may review under 8 U.S.C. § 1252(a)(2)(D). The BIA did not state that such evidence was required as a matter of law. Rather, in light of conflicting evidence on Veloso's medical condition, the BIA simply noted that no additional evidence supported Veloso's claim. That determination was not in error, particularly in light of the "extraordinary circumstances" standard.

■ Finally, Veloso contends that the Immigration Judge ("IJ") applied an incorrect legal standard in denying him CAT relief, but because he did not appeal the IJ's conclusion to the BIA, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1).

**PETITION DISMISSED IN PART; DENIED IN PART.**